UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN B. FOY, | ) CASE NO. 1:14CV907 |
| | ) |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) Magistrate Judge George J. Limbert |
| | ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| | ) |
| Defendant. | ) |

On July 8, 2015, this Court adopted the undersigned's Report and Recommendation vacating the ALJ's decision in this case and remanding it for further proceedings to the Social Security Administration. ECF Dkt. #s 19, 20. On August 7, 2015, Plaintiff filed a motion for attorney fees under the EAJA, requesting the amount of $7,947.00 for attorney fees and the fees for Appellate Assistant Shriver. ECF Dkt. #21. On August 11, 2015, Judge Boyko referred the motion for attorney fees to the undersigned. ECF Dkt. #22. On August 21, 2015, Defendant filed a response to the motion for attorney fees. ECF Dkt. #23.

On September 2, 2015, the undersigned filed a Report and Recommendation recommending that the Court grant Plaintiff's application for attorney fees and award Plaintiff the amount of $5,802.17 for attorney fees and fees for the services of Appellate Assistant Shriver. ECF Dkt. #24. On September 3, 2015, Plaintiff filed a motion to vacate the undersigned's Report and Recommendation, asserting that the Report and Recommendation was premature as he had until September 8, 2015 in which to file a reply brief. ECF Dkt. #25.

On September 8, 2015, Judge Boyko referred the motion to vacate to the undersigned for a Report and Recommendation. ECF Dkt. #26. On October 21, 2015, the undersigned issued a Report and Recommendation recommending that the Court vacate the undersigned's

September 2, 2015 Report and Recommendation. ECF Dkt. #30. The Court adopted the undersigned's Report and Recommendation on November 5, 2015 and vacated the September 2, 2015 Report and Recommendation. ECF Dkt. #32. The Court thereafter re-referred Plaintiff's motion for attorney fees under the EAJA to the undersigned. *Id.* The instant motion before the undersigned is again Plaintiff's motion for attorney fees. ECF Dkt. #21.

Upon reconsideration of the motion for attorney fees, Defendant's response and Plaintiff's reply brief, the undersigned recommends that the Court GRANT Plaintiff's motion for attorney fees (ECF Dkt. #21) and award Plaintiff attorney fees in the amount of $6,084.01 for 32.8 hours and fees in the amount of $280.00 for Appellate Assistant Shriver's 7 hours of services rendered, equaling a total award of fees in the amount of $6,364.01.

## I. LAW AND ANALYSIS

### A. EAJA

The EAJA provides that a plaintiff shall be awarded attorney fees when he is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

#### 1. PREVAILING PARTY

The Commissioner does not dispute that Plaintiff is a prevailing party.

#### 2. SUBSTANTIALLY JUSTIFIED

The Commissioner does not contend that her position was substantially justified.

#### 3. NO SPECIAL CIRCUMSTANCES

The Court finds that this case does not involve any special circumstances that would make an award of fees unjust. Accordingly, the undersigned recommends that the Court find that Plaintiff is entitled to an award of attorney fees under the EAJA.

**B.**     **REASONABLENESS OF FEES AND COSTS**

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161, 100 S.Ct. 2316, 110 L.Ed.2d 134. (1990).  The EAJA permits an award only of reasonable attorney fees.  *See* 28 U.S.C. §2412(d)(2)(A).  Although the EAJA limits attorney fees to the litigation process, 28 U.S.C. §2413(a)(1), this includes the EAJA application process.  *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id*., quoting 28 U.S.C. § 2412(d)(2)(A)(ii).  The burden lies with the fee applicant to establish the entitlement to an award of fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here, Plaintiff requests attorney fees at an hourly rate of $190.00 for 39.8 hours of work performed by Attorney Roose, and an hourly rate of $50.00 for 7.7 hours of work performed by Attorney Roose's appellate assistant Shriver, for fees totaling $7,947.00.  ECF Dkt. #21 at 5.  The Commissioner challenges both the requested attorney and appellate assistant hourly rates and the number of hours billed by Plaintiff's counsel and the appellate assistant as excessive.

**1**.     **HOURLY RATE CHALLENGES**

**a.**     **ATTORNEY FEES HOURLY RATE**

The EAJA provides a presumptive statutory cap of $125.00 per hour on the hourly billing rates that a claimant may recover for attorney fees "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified

attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  A prevailing party who requests an increase above the statutory cap "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  A plaintiff "must produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*, quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ).

The Commissioner asserts that Plaintiff has based his attorney hourly rate on the "All Urban Consumers" CPI and he offers no explanation as to why he applied this CPI.  ECF Dkt. #23 at 4.  The Commissioner asserts that since the instant case was brought in the Northern District of Ohio, the hourly rate should be based upon rates in this District or at least in the Midwest region.  *Id.*  She requests that the Court set the hourly rate at no more than $185.75, which is the rate calculated from the Midwest CPI.  *Id.* at 5.

The undersigned agrees and recommends that the Court find that the most applicable and specific CPI to use is that of the Midwest region for All Urban Consumers as it is most representative of the cost of living increase on a local basis.  *See Gunther v. Comm'r of Soc. Sec.,* 943 F.Supp.2d 797, 803-804 (N.D.Ohio 2013), citing *Mohr v. Comm'r of Soc. Sec.*, No. 3:11CV2731, 2013 WL 557176 (N.D.Ohio Feb. 12, 2013), *Vasquez v. Astrue*, No. 3:11-cv-177, 2012 WL 3637676 (N.D. Ohio Aug. 22, 2012); *Jaworski v. Astrue*, No. 1:10-cv-2936, 2012 WL 3552634 (N.D. Ohio Aug. 16, 2012); *Killings v. Comm'r of the SSA*, No. 1:09CV845, 2009 WL 3614956 (N.D.Ohio, Oct. 8, 2009).

In his reply brief, Plaintiff asserts that a local rate is used first in setting an EAJA fee and then a nationally-uniform cap is imposed at the second step.  ECF Dkt. #27 at 8-9.  He contends that inconsistencies result when the second step "cap" is not adjusted by using a national index, as hourly rates will be capped in a low-cost area that has had higher-than-

-4-

average increases in the cost of living since 1996 than a high-cost area that has had more moderate increases since 1996. *Id.*

However, in *Gunther v. Commissioner of Social Security*, 943 F.Supp.2d 797,804 (N.D. Ohio 2013), this Court acknowledged a court split as to the proper CPI to use, but nevertheless found that the "Midwest Urban" CPI was the most appropriate because it was most consistent with the Sixth Circuit's decision in *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009)(holding that attorney fee rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). This Court in *Gunther* cited its previous holdings finding that the "Midwest Urban" CPI was "'reasonable and perhaps most accurate as it represents the cost of living increase on a local basis.'" *Gunther*, 943 F.Supp.2d at 803, quoting and citing *Mohr v. Comm'r of Soc. Sec.*, No. 3:11CV2731, 2013 WL 557176 (N.D.Ohio Feb. 12, 2013); *Vasquez v. Astrue*, No. 3:11-cv-0177, 2012 WL 3637676 (N.D. Ohio Aug. 22, 2012); *Jaworski v. Astrue*, No. 1:10-cv-02936, 2012 WL 3552634 (N.D. Ohio Aug. 16, 2012); *Killings v. Comm'r of the SSA*, No. 1:09CV845, 2009 WL 3614956 (N.D. Ohio Oct. 28, 2009). Since this Court has indicated its preference for the CPI more specific to this region, and because Plaintiff fails to sufficiently justify the use of a less specific CPI, the undersigned recommends that the Court apply the Midwest Regional CPI.

The CPI-U for the Cleveland/Akron area for March 1996, the month the EAJA was amended, was 150.91. To calculate the appropriate EAJA fee for services provided each year, the following formula is used: CPI for year of services ÷ CPI for 3/96 x statutory hourly rate. The calculation for a cost-of-living increase between March 1996 and 2014 (2014 is when Attorney Roose provided some of his representation) based on the annual "Midwest" CPI for "all items" for "all urban consumers" is 225.425 divided by 151.7 and then multiplied by $125.00, which equals $185.75 per hour. The calculation for a cost-of-living increase between March 1996 and 2015 (when Attorney provided the rest of his representation) based

on the "Midwest" CPI for "all items" for "all urban consumers"is 223.96 (the average of the 7 months published on this CPI for 2015 thus far[1]) divided by 151.7 and then multiplied by $125.00, which equals $184.54 per hour.

Accordingly, the undersigned recommends that the Court use the hourly rates of $185.75 for Attorney Roose's services provided in 2014 and $184.54 for Attorney Roose's services provided in 2015 as these rates are reasonable and appropriate, as well as consistent with the rates of comparable disability law firms in Northern Ohio. See e.g., *Killings v. Colvin*. 2013 WL 1455818 (N.D. Ohio Apr. 10, 2013 (Roose & Ressler granted EAJA fees at the rate of $180.54 per hour for 2011 and 2012 compensable hours); *Benyo v. Colvin*, 2013 WL 1195528 (N.D. Ohio Mar. 22, 2013)(Law Offices of Louise Mosher granted EAJA fees at the rate of $176.50 per hour for 2012 compensable hours and $175 per hour for 2011 compensable hours); *Lanken v. Comm'r of Soc. Sec.*, 2013 WL 237478 (N.D. Ohio Jan. 22, 2013)(Shifrin Newman Smith, Inc. granted EAJA fees at the rate of $176 per hour for 2011 and 2012 compensable hours); *Rodriguez v. Comm'r of Soc. Sec.*, 2012 WL 2905928 (N.D.Ohio July 16, 2012)(Roose & Ressler granted EAJA fees at the rate of $176.95 per hour for 2011 and 2012 compensable hours).

### **b.**     **APPELLATE ASSISTANT HOURLY RATE**

The Commissioner also challenges the hourly rate request of Plaintiff for the services of Appellate Assistant Shriver at $50.00. ECF Dkt. #23 at 5. It appears that the Courts in this District have held that the appropriate hourly rate for appellate assistants is $40.00 and not $50.00. *See Irizarry ex rel. A.A. v. Comm'r of Soc. Sec.*, 2015 WL 261272 (N.D. Ohio Jan. 21, 2015), citing to *Gunther v. Comm'r of Soc. Sec*., 943 F.Supp.2d 797, 805 (N.D.Ohio 2013)(collecting cases holding appellate assistant hourly rate at $40.00). Plaintiff in his reply

---

[1] The proper indicies are 221.545 for January 2015, 222.301 for February 2015, 223.550 for March 2015, 223.797 for April 2015, 224.732 for May 2015, 225.946 for June 2015, and 225.853 for July of 2015 (1567.724) divided by 7 (the number of months published) equals 223.96.

asserts that counsel's appellate assistant is performing more "high-end" duties than before and her rates have increased with inflation. ECF Dkt. #27 at 9. He also contends that it has been several years since the courts awarding $40.00 hourly rates to appellate assistants have reviewed the issue. *Id.*

The undersigned certainly believes that appellate assistants and paralegals perform much more involved legal duties than they once did. However, as recently as January of 2015, this Court reviewed the issue of the hourly rates for appellate assistants and again concluded that the appropriate hourly rate is $40.00, even when the Commissioner did not object to the amount requested. *See Irizarry ex rel. A.A. v. Comm'r of Soc. Sec.*, No. 1:12CV3081, 2015 WL 261272, at *5 (N.D. Ohio Jan. 21, 2015). Thus, the undersigned recommends that the Court deny Plaintiff's request for the appellate assistant hourly rate of $50.00 and award an hourly appellate assistant rate of $40.00.

### 2. HOURS BILLED

#### a. ATTORNEY HOURS

Having resolved the Commissioner's challenge to the hourly rate, the undersigned turns to the Commissioner's objections to the amount of time billed. The Commissioner asserts that the number of hours spent by Attorney Roose in this case should be at the lower end of average, which she estimates, based upon *Glass v. Secretary of Health and Human Services*, 822 F.2d 19, 20 (6th Cir. 1987), to be 22 attorney hours, somewhere between the average range of 20 and 30 hours considering Attorney Roose's 25 years of experience and the time that he had already devoted to this case at the administrative level, which is not compensable under the EAJA. ECF Dkt. #23 at 3-4. She also notes that only two of the issues that Attorney Roose raised in the merits brief were not presented at the administrative level and of those two new issues, one was an argument that Attorney Roose had made numerous times before in other cases. *Id. at* 3.

The undersigned recommends that the Court find that the amount of hours requested by Plaintiff's counsel is not reasonable. The Commissioner correctly notes that the Sixth Circuit's decision in *Hayes v. Secretary of Health and Human Services* has been incorrectly cited as support for a finding that the average number of attorney hours spent on a typical social security appeal is 30 to 40. ECF Dkt. #23 at 3-4, citing 923 F.2d 418, 420 (6th Cir. 1990). In *Hayes*, the Sixth Circuit merely quoted the district court's decision in which it stated its opinion that the average number of hours spent by attorneys working on social security cases ranged from 30 to 40 hours. 923 F.2d at 420; *see also Gonzalez v. Colvin*, No. 1:14-cv-601 (N.D. Ohio June 24, 2015)(finding the 30 to 40 hours referenced in *Hayes* as typical for social security case to be "a common albeit erroneous reading" of the decision). In *Gonzalez,* the Court cited to numerous cases in this District finding that forty attorney hours on a social security case is excessive where "no complex or unique issues are raised." *Id.* at 3, citing e.g. *Hakkaraineen v. Astrue,* 2012 U.S. Dist. LEXIS 188466 (N.D. Ohio 2012)(Vecchiarelli, M.J.)("In this Court's experience, most Social Security cases involve attorney hours ranging between 20 and 25 hours. Additional attorney hours expended on a case may be justified where the issues presented are novel, complex, or extraordinary."), *accepted in part and rejected in part* by 2013 U.S. Dist.LEXIS 86964 (N.D. Ohio June 11, 2013) (finding an upwards departure from the statutory cap in the hourly rate was not warranted); *Scott v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 91783(N.D. Ohio June 13, 2014) (McHargh, M.J.) (reducing request for 43.2 hours to 32 attorney hours overall because fees were excessive where case was neither complex nor unique). United States Magistrate Judge White in *Gonzalez* found that the 33.7 attorney hours spent on that social security case was excessive and redundant and he therefore reduced the number of attorney hours to 25 for the merits brief. *Id.* at 4-5. In reducing the attorney hours, the Court noted that although the brief contained numerous issues for review, most of them were underdeveloped and the arguments in the brief were less than a page in length, contained minimal citation to authority, and

showed no depth of research. *Id*. at 4.

The undersigned has reviewed Plaintiff's merits brief in the instant case and other filings and recognizes that the amount of work involved in preparing a Social Security brief varies based on the nature of the plaintiff's case, size of the record, arguments posed by the opposition, and numerous additional factors. The undersigned also acknowledges that the great majority of the merits brief in this case was tailored in research and writing and was well reasoned and argued. The undersigned notes that the brief on the merits contained six issues for review. ECF Dkt. #13 at 1. And while Attorney Roose raised four of these issues before the Appeals Council, some additional work and research was necessary to support these issues in the brief on the merits.

With those considerations in mind, the undersigned recommends that the Court find that 39.8 attorney hours spent on the instant case was excessive and the circumstances surrounding this case have not been shown to be extraordinary. However, and also in light of the above, the undersigned has reconsidered the original recommendation to the Court that the merits brief filing be reduced to 18.9 hours and instead now recommends that the Court reduce the amount of attorney hours relating to the research and writing of the merits brief to 24 hours. While the amount of hours requested in filing the merits brief seems excessive, 18.9 hours seems insufficient considering the number of issues, the somewhat complex nature of the case, and the tailored brief that was filed.

As to the remainder of the 10.9 attorney hours requested, the undersigned recommends that the Court find that the 8.8 hours requested for preparing the reply brief is excessive. Thus, the undersigned recommends that the Court reduce the number of hours for preparing the reply brief to 5 hours, resulting in a total of 7.1 attorney hours expended for services in 2015, including the reply brief.

Applying the proper hourly attorney rate of $185.75 to the hours for recoverable services performed in 2014 of 25.7 hours (24 hours for merits brief draft and editing and 1.7

hours for 3/31/14 through 10/6/14 services) results in a total sum of $4,773.78. Applying the proper hourly attorney rate of $184.54 to the hours for recoverable services performed in 2015 of 7.1 hours (5 hours for preparation of reply brief and 2.1 for other attorney services) results in a total sum of $1,310.23. Thus, the undersigned recommends that the Court find that Plaintiff is entitled to 32.8 attorney fee hours and attorney fees in the amount of $6,084.01.

### b. APPELLATE ASSISTANT HOURS

The Commissioner also asserts that many of the hours of Appellate Assistant Shriver are not compensable because the hours were spent performing clerical work, which is not compensable under the EAJA. ECF Dkt. #23 at 6.

Courts in this district have recognized the following distinction between billable legal work and non-billable clerical work:

> Purely clerical or secretarial tasks, that is, non-legal work, should not be billed – even at a paralegal rate – regardless of who performs the work. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). For example, dictation and typing are non-compensable, as they are part of the overhead of any law office. See *Wiegand v. Sullivan*, 900 F.2d 261 (Table), 1990 WL 51387, at *1 (6th Cir.1990) (affirming the district court's reduction of fees). However, activities such as filing a complaint, filing service requests, and filing return-of-service forms are clerical tasks that may be considered sufficiently "legal work" to permit compensation, although any compensation would be at a lesser rate. See *Taylor v. Barnhart*, No. 00 c 7782, 2002 WL 31654944 at *4 (N.D.Ill.Nov.22, 2002). But see *Knudsen v. Barnhart*, 360 F.Supp .2d 963, 977 (N.D.Iowa 2004)(finding that retrieving documents, filing documents, serving summonses, and calendaring are non-compensable because they are properly considered overhead costs); *Barriger v. Bowen*, 673 F.Supp. 1167, 1170 (N.D.N.Y.1987)(finding that mailing two letters and serving the Assistant United States Attorney with a copy of a summons and complaint are non-compensable because they are properly considered overhead costs).

*Rodriguez v. Commissioner*, 2012 WL 2905928, at *3 (N.D.Ohio July 16, 2012). It is true that purely clerical or secretarial tasks that require no legal skill or training are considered overhead costs and should not be billed as attorney or paralegal time. *Missouri v. Jenkins by*

*Agyei*, 491 U.S. 274, 109 S.Ct. 2463, 2472, fn. 10, 105 L.Ed.2d 229 (1989). However, work performed by non-attorneys such as paralegals or law clerks may be compensable under the EAJA if the work is "sufficiently complex" or work "traditionally performed by attorneys." *Snyder v. Comm'r of Soc. Sec.*, No. 1:06CV2737, 2011 WL 66458, at *2 (N.D. Ohio Jan. 10, 2011), unpublished, quoting *People who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1315 (7th Cir.1996); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir.1988), *aff'd on other grounds*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). It is counterproductive to exclude compensation for paralegal or law clerk work because it may encourage attorneys to handle entire cases themselves and achieve the same result, but at the higher hourly rate for attorneys. *Id.; see Berman v. Schweiker*,531 F.Supp. 1149, 1154–55 (N.D.Ill.1982), *aff'd*, 713 F.2d 1290 (7th Cir.1983).

Here, the Commissioner argues that it is unreasonable to seek reimbursement for six hours of the total 7.7 hours requested by Appellate Assistant Shriver as this was time spent "copying, pasting, typing, and formatting text from prior briefing and from the ALJ's decision." ECF Dkt. #23 at 6. Defendant also contends that Appellate Assistant Shriver's downloading of the transcript for Attorney Roose was also clerical work not compensable under the EAJA. *Id*.

The undersigned recommends that the Court reduce Appellate Assistant Shriver's overall hours from 7.7 hours to 7 hours as time spent downloading the transcript (.2 hours) and for formatting the brief on the merits and converting page numbers (.5 hours) is not compensable under the EAJA as they constitute purely clerical tasks. The undersigned recommends that the Court find that the remainder of Appellate Assistant Shriver's hours are compensable.

Accordingly, applying the recommended proper hourly rate for Appellate Assistant Shriver's services of $40 by the amount of recoverable hours of 7 results in a total sum of $280.00.

-11-

## II.     RECOMMENDATION AND CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court GRANT Plaintiff's motion for fees pursuant to the EAJA, ECF Dkt. #21, and find that Plaintiff is entitled to attorney fees in this case of $6,084.01 and to fees for Appellate Assistant Shriver's services in the amount of $280.00, for a total of $6,364.01.


Date:   November 16, 2015                             */s/George J. Limbert*
                                                      GEORGE J. LIMBERT
                                                      UNITED STATES MAGISTRATE JUDGE


        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).